UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL COLEMAN,<br><br>   Plaintiff,<br><br>  v.<br><br>MARK BOESSENECKER, et al.,<br><br>   Defendants. | Case No. 20-cv-01535-JSC<br><br>**SECTION 1915 SCREENING OF COMPLAINT; REQUESTS FOR INTERIM RELIEF**<br><br>Re: Dkt. Nos. 2, 5, 6 |

Wendell Coleman sues 32 Napa County employees and officials for alleged violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. (Dkt. No. 6.)[1] Having granted Mr. Coleman's application to proceed in forma pauperis, (*see* Dkt. No. 8), the Court now screens his amended complaint pursuant to 28 U.S.C. § 1915 and concludes that the complaint is deficient for the reasons stated below.

## COMPLAINT ALLEGATIONS

The complaint does not contain a plain statement of facts and allegations.[2] It instead consists of a litany of grievances alleging various abuses by Napa County judges, district attorneys, public defenders, law enforcement personnel, corrections officers and staff, probation officers, and "contractors of the court." (*See generally* Dkt. No. 6 at 4-14.) The alleged misconduct—including "conspiracy to kidnap, obstruction of justice, criminal threats, criminal libel, fabrication of evidence, kidnapping, false imprisonment, police misconduct, destruction of legal documents, Grand theft, MALICIOUS PROSECUTION, false arrest, [and] abuse of power"—spans multiple years and stems from multiple interactions with law enforcement and

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] The amended complaint spans over 300 pages and includes state and federal court filings, and email and written correspondence. (*See* Dkt. No. 6.)

multiple court hearings for separate civil and criminal matters. (*See id.*)

Mr. Coleman requests injunctive relief, including:

- An order "to suspend all proceedings taking place in Napa against [him], and all other persons . . . being illegally detained."
- An order "nullify[ing] ALL restraining orders that have included Estelle Coleman."
- An order "in support of [Mr. Coleman] exercising article 2 section 4 of the United States Constitution and recogniz[ing] this civil claim to be utilized as cognizable claim for action for citizen arrest and removal from office of ALL members acting under the color of law in association with this [case]."
- "[A] command . . . to suspend ANY and ALL legal proceedings being performed by any judicial officer in association with the Napa court system."
- "[A] command . . . temporarily suspending the powers granted to the Napa police department and sheriff department."

(*Id.* at 15.) Mr. Coleman also seeks "compensation in the amount of 700 million dollars" from various public entities and "1 million dollars each from all defendants named in this civil action." (*Id.*)

## LEGAL STANDARD

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a

complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a plaintiff files a complaint without an attorney, the Court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted). Upon dismissal, selfrepresented plaintiffs proceeding in forma pauperis must be given leave to "to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks and citation omitted).

**DISCUSSION**

The Court cannot discern a plausible claim for relief, and the complaint appears frivolous to the extent it asserts a far-reaching RICO conspiracy against Mr. Coleman and seeks to "suspend" the powers of the Napa County court system and police department. In the absence of factual allegations setting forth a plausible claim for relief, Mr. Coleman's complaint fails. Because the underlying complaint fails, the "Request for Ex-Parte Hearing and Immediate Injunction" Mr. Coleman filed in conjunction with his original complaint and the "Revised Injunction Request" he filed with his amended complaint fail as well.[3] (*See* Dkt. Nos. 2 & 5.) Further, the Anti-Injunction Act, 28 U.S.C. § 2283, bars the preliminary injunctive relief Mr. Coleman seeks. Under the Act: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

---

[3] The requests allege, in pertinent part, that Napa County officials and employees have "illegally detained, kidnapped, trafficked, labored, and denied [Mr. Coleman's]" parental rights. (Dkt. Nos. 2 at 2 & 5 at 3.) Mr. Coleman's "Revised Injunction Request" asserts that on March 2, 2020, he was sentenced in an underlying state court action to 5 years of probation. (Dkt. No. 5 at 5.) He requests "an immediate suspension" of that sentence, "and review of the trial by the Appellate Court," as well as an order preventing the victim in that case "from filing additional false accusations" against him. (*Id.* at 4.) Mr. Coleman further requests "an order that allows for 50/50 custody" of his child. (*Id.*)

3

The complaint does not support a plausible inference that any of those exceptions apply here.

## CONCLUSION

For the reasons set forth above, Mr. Coleman's complaint fails section 1915 review. Mr. Coleman may file an amended complaint in an attempt to correct the deficiencies identified by the Court within 45 days. The amended complaint must identify Mr. Coleman's claims and include a plain statement of facts in support. If Mr. Coleman fails to file an amended complaint within 45 days or if the amended complaint still fails to state plausible claims for relief, the Court will issue a Report and Recommendation recommending dismissal of this action. In light of this Order, the Court STAYS Defendants' motion to dismiss, (*see* Dkt. No. 11). Plaintiff need not respond to Defendants' motion. The initial case management conference scheduled for June 4, 2020 is continued to July 30, 2020 at 1:30 p.m., Courtroom E, 15th Floor in San Francisco.

The Court encourages Mr. Coleman to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Mr. Coleman can make an appointment in person or by calling (415) 792-8982.

**IT IS SO ORDERED.**

Dated: March 27, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL COLEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>MARK BOESSENECKER, et al.,<br><br>    Defendants. | Case No. 20-cv-01535-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 27, 2020, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Wendell Coleman
T-3
PO Box 376
Newcastle, CA 95658


Dated: March 27, 2020

                              Susan Y. Soong
                              Clerk, United States District Court

                              By:_____
                              Ada Means, Deputy Clerk to the
                              Honorable JACQUELINE SCOTT CORLEY

5